Xue Yan GAO, Petitioner,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, Attorney General
Ashcroft, Respondent.

No. 02–4709.

United States Court of Appeals,
Second Circuit.

March 28, 2005.

Bruno Joseph Bembi, Hempstead, New
York, for Petitioner.

John G. Silbermann, Assistant United
States Attorney for the District of New
Jersey (Christopher J. Christie, United
States Attorney for the District of New
Jersey), Newark, New Jersey, for Respon-
dent.

Present: NEWMAN, WESLEY, and
HALL, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is hereby **DENIED.**

Petitioner Xue Yan Gao ("Gao"), a citizen of the People's Republic of China, appeals from an order of the Board of Immigration Appeals ("BIA") entered on October 23, 2002, summarily affirming a May 31, 2000 oral decision of the Immigration Judge ("IJ"). The IJ rejected Gao's application for asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), and denied him relief under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16. Furthermore, the IJ directed Gao's removal from the United States.

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues.

When reviewing asylum and CAT claims, "[w]e review the factual findings underlying the [IJ's] determinations under the substantial evidence standard, reversing only if no reasonable fact-finder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (internal quotation omitted); *see also Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003) (noting that when the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly). To reverse an IJ's factual finding, we must conclude "that the evidence not only supports [a] conclusion" favorable to the asylum applicant, "but *compels* it." *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

■ In this case, the IJ's adverse credibility finding with respect to Gao's asylum claim is supported by substantial evidence. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275–76 (2d Cir.2003) (per curiam). Because an applicant who fails to establish eligibility for asylum is necessarily precluded from satisfying the heavier burden for withholding of removal, *see Zhang v. INS,* 386 F.3d 66, 71 (2d Cir.2004), we hold that Gao's petition for withholding of removal also fails. There is no merit to petitioner's argument that either the IJ or the BIA failed to properly consider the documentary evidence or violated the corroboration standard.

■ Likewise, we hold that the IJ's CAT determination satisfies the substantial evidence standard. *See Wang v. Ashcroft,* 320 F.3d 130, 134, 144 (2d Cir.2003). Gao's single conclusory statement that if returned to China he would be arrested and persecuted, combined with a State Department profile that primarily addresses the inconsistent implementation of legal safeguards to political prisoners, is not sufficient objective evidence to satisfy the CAT's standard that he will more likely than not be tortured upon his return to China. *Id.*

■ Finally, we find no merit in Mr. Gao's argument that the BIA's summary affirmance of the IJ's decision without opinion is a violation of the BIA's duty to independently conduct a meaningful review of the IJ's decision. Summary affirmance is expressly authorized under INS streamlining regulations. *See* 8 C.F.R. § 3.1(a)(7)(ii) (2002) (re-codified at 8 C.F.R. § 1003.1(a)(7)(ii)(2003)). In *Secaida–Rosales,* we held "[t]he BIA is certainly not precluded from summarily affirming an IJ's decision and adopting the IJ's reasoning in doing so, as long as the IJ's decision is sufficient to allow for review and we are confident that the BIA fulfilled

its duty to independently review a petitioner's case." 331 F.3d at 305. In this case, where the IJ issued an 18–page oral opinion replete with specific examples of what testimony it found to be inconsistent and what documents it found to be fraudulent, we find the BIA made no error by summarily affirming it.

We have considered all of petitioner's claims and find them meritless. The petition for review is therefore **DENIED,** and the outstanding motion for stay of removal is **DENIED.**